UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

VS.                                                                          Criminal No. 3:01CR115WN
                                                                             Civil No. 3:05CV62HTW JCS
**FREDDIE MASON**

## ORDER

Before the court is the motion of Freddie Mason seeking to vacate or reduce his sentence, said motion brought under Title 28 U.S.C. § 2255.[1] Mason entered a guilty plea to two Counts of bank robbery under Title 18 U.S.C. § 2113(a) and was sentenced on April 19, 2002, to serve 98 months on each count to run concurrently. Mason's conviction was not appealed to the United States Court of Appeals for the Fifth Circuit and became final on April 29, 2002, ten days after the Judgment was entered. Thus, under 28 U.S.C. § 2255, Mason had one year, or until April 29, 2003, to file his § 2255 motion in a timely manner. Mason's motion was not filed until January 28, 2005. Title 28 U.S.C. § 2255[2] provides that the instant motion had to be

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 28 U.S.C. § 2255 also provides that, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

filed within one year after his conviction became final in order to be timely and valid. See *United States v. Flores*, 135 F. 3d 1000, 1006 (5th Cir. 1998). Consequently, this motion should be summarily dismissed.

Mason argues that this court should set aside his sentence based on the holdings of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The rule announced in *Apprendi*, and reaffirmed in *Blakely,* is that in sentencings before state courts, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (extending the rule announced in *Apprendi* and *Blakely* to the Federal Sentencing Guidelines). Thus, Mason contends that his sentence was calculated improperly and should be set aside or reduced.

Mason's motion is untimely under § 2255, and he does not raise the question of retroactive application of *Apprendi*, *Blakely* or *Booker*. Section 2255 provides that an extension of the statute of limitations will be granted when constitutional rights are made "retroactively applicable to cases on collateral review." (See footnote 2). When *Booker* was decided on January 12, 2005, Mason had not had not appealed his conviction and sentence, had not pursued collateral review of this case, and did not file this motion until January 28, 2005.

2

The Fifth Circuit has concluded that *Booker* announces a new rule of procedure which does not fit into either of the two exceptions to non-retroactivity provided by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288, 290, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See United States v. Gentry*, 432 F.3d 600, 604-05 (5th Cir. 2005). The Fifth Circuit also held in *In re Elwood*, 408 F.3d 211 (5th Cir. 2005), that *Booker* did not apply retroactively to cases on collateral review for purposes of a successive § 2255 motion. Most recently, in *Gentry*, 432 F.3d at 605, the Fifth Circuit announced that it had joined the several Courts of Appeals which hold that *Booker* does not apply retroactively even to initial § 2255 motions.

Inasmuch as *Booker* does not apply retroactively to Mason's motion for relief under § 2255 in the instant case, neither *Blakely* nor *Apprendi* may be so applied. Therefore, this motion fails and must be denied.

**SO ORDERED** this the 18th day of April, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Criminal No. 3:01-CR-115WN
Civil No. 3:05-CV-62HTW JCS
Order

3